

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | § | No. 08-16-00101-CV       |
|                              | § |                          |
|                              |   | Appeal from              |
| IN THE MATTER OF E.J.E.,     | § |                          |
| A JUVENILE.                  |   | 65th District Court      |
|                              | § |                          |
|                              |   | of El Paso County, Texas |
|                              | § |                          |
|                              |   | (TC # 1400465)           |
|                              | § |                          |

## OPINION ON MOTION

Appellant, E.J.E., a juvenile, has filed a motion through his attorney of record to voluntarily dismiss his appeal pursuant to TEX.R.APP.P. 42.1(a)(1). Finding that the record does not reflect that the juvenile has waived his right to appeal in accordance with Section 51.09 of the Texas Family Code, we deny the motion to dismiss.

## FACTUAL AND PROCEDURAL SUMMARY

The trial court determined that E.J.E. had engaged in delinquent conduct and entered judgment committing him to the Texas Juvenile Justice Department. The court explained to E.J.E. and his parents in open court that E.J.E. had a right to appeal. E.J.E. subsequently exercised his right to appeal by filing a written notice of appeal. He is represented by appointed counsel on appeal.

On December 8, 2016, E.J.E.'s attorney submitted a motion to dismiss the appeal through the e-filing system. The motion is not signed by E.J.E. or his legal guardian, but counsel represents in the motion that E.J.E. and his mother agree that dismissal of the appeal is in his best interest. The Clerk of the Court initially rejected the motion because it was not signed by the juvenile or a parent. E.J.E.'s attorney re-submitted the motion along with a letter brief explaining why he believes it is not necessary for E.J.E. to sign the motion. Counsel's letter brief focused on the application of Rule 42.1 to this appeal rather than Rule 42.2. *See* TEX.R.APP.P. 42.1, 42.2. After reviewing the letter brief, the Court asked the parties to file a letter brief addressing the impact of Section 51.09 of the Texas Family Code on the issue whether E.J.E. must sign the motion to dismiss. The State filed a response urging that E.J.E.'s dismissal motion is governed by Rule 42.1, but it did not address the Court's specific inquiry regarding Section 51.09. E.J.E. did not file any response.

## JUVENILE'S RIGHT TO APPEAL

A juvenile has a statutory right to appeal an adjudication order entered under Section 54.03, a disposition order entered under Section 54.04, a modification order entered under Section 54.05, or a commitment order entered under Chapter 55. *See* TEX.FAM.CODE ANN. § 56.01(c)(West Supp. 2016). On entering an appealable order, the juvenile court is required to advise the child and his parent, guardian, or guardian *ad litem*, that the child has the right to (1) appeal, (2) representation by counsel on appeal, and (3) appointment of an attorney for the appeal in the case of indigency. TEX.FAM.CODE ANN. § 56.01(d), (e). If the child and his parent, guardian, or guardian *ad litem* express a desire to appeal, the trial attorney has a duty to file a timely, written notice of appeal with the juvenile court and inform the court whether he or she will handle the appeal. TEX.FAM.CODE ANN. § 56.01(f). In the event the trial attorney elects to

not continue with his or her representation of the juvenile after the notice of appeal is filed, the trial court is required to appoint counsel "unless the right to appeal is waived in accordance with Section 51.09." TEX.FAM.CODE ANN. § 56.01(f).

We agree with the parties that the requirements governing E.J.E.'s appeal "are as in civil cases generally." TEX.FAM.CODE ANN. § 56.01(b). Thus, E.J.E.'s motion to dismiss is governed generally by Rule 42.1 which permits an appellant to file a voluntary motion to dismiss his appeal. *See* TEX.R.APP.P. 42.1. But Rule 42.1 simply does not address whether a juvenile, who has exercised his statutory right to appeal by filing a notice of appeal, must thereafter waive that right in accordance with Section 51.09 of the Texas Family Code.

Section 51.09 provides as follows:

Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded.

TEX.FAM.CODE ANN. § 51.09 (West 2014).

The juvenile's right to appeal is not automatic, and it is waived by inaction where the juvenile fails to file a timely notice of appeal. *See In re C.W.*, 05-04-00674-CV, 2004 WL 2849150 at *2 (Tex.App.--Dallas Dec. 13, 2004, pet. denied)(memorandum opinion)(affirming denial of juvenile's habeas corpus petition seeking out-of-time appeal on ground that he did not affirmatively waive right to appeal as required by Section 51.09). Thus, Section 51.09 does not apply when a juvenile has not filed a notice of appeal. *Id.* But when a juvenile exercises his

right to appeal by timely filing his notice of appeal, Section 51.09's requirement of an affirmative waiver is triggered. *See* TEX.FAM.CODE ANN. § 56.01(f); *In re C.W.*, 2004 WL 2849150 at *2; *see also In re B.K.M.*, No. 01-02-00827-CV, 2003 WL 360935 at *1 (Tex.App.--Houston [1st Dist.] 2003, no pet.)(memorandum opinion)(dismissing juvenile's appeal following hearing in juvenile court where juvenile validly waived right to appeal under Section 51.09); *In re C.G.*, No. 05-16-00288-CV, 2016 WL 1756785 (Tex.App.--Dallas May 2, 2016, no pet.)(memorandum opinion)(dismissing juvenile's appeal under Rule 42.1 and Section 51.09 where trial court conducted hearing and found that juvenile did not wish to prosecute his appeal).

We conclude that when a juvenile seeks to dismiss his appeal pursuant to Rule 42.1, the motion must be supported by a written waiver of the right to appeal in accordance with Section 51.09. This can be accomplished by including the appropriate waiver language in the motion and having the juvenile sign the motion, or by attaching the juvenile's written waiver of the right to appeal as an exhibit to the motion to dismiss. Because the motion to dismiss submitted by E.J.E. does not show that he has waived his right to appeal in accordance with Section 51.09, we deny the motion to dismiss. The Court will reconsider this ruling if E.J.E. submits a motion which complies with this opinion.

January 25, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.