

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| In the Matter of | § | No. 08-19-00042-CV |
|  | § | Appeal from the |
| J.A.C., | § | 65th District Court |
|  | § | of El Paso County, Texas |
| a Juvenile. | § | (TC# 1800828) |
|  | § | |
|  | § | |

## **O R D E R**

This juvenile case has been preliminarily set on this Court's dismissal docket. We must determine whether we can dismiss the appeal under these circumstances following a failure to file an appellant's brief. For the reasons that follow, we hereby ORDER the appellate timetables to be reinstated. We will provide counsel for the juvenile one more opportunity to file a brief with this Court. The Appellant's Brief will be due 30 days from this order.

## **BACKGROUND**

On May 13, 2019, the attorney for juvenile J.A.C. filed a motion to dismiss this appeal from a juvenile court delinquency adjudication. We denied the motion to dismiss, holding that our opinion in *In re E.J.E.*, 557 S.W.3d 615 (Tex.App.—El Paso 2007, op. on motion) required a

motion to dismiss a juvenile case to be supported by a written waiver of the juvenile's right to appeal in accordance with Section 51.09 of the Texas Family Code. The Court gave Appellant ten days to correct the defect, but Appellant did not do so. Thus, we set a briefing schedule and ordered Appellant to file a brief no later than June 29, 2019.

Appellant did not file a brief in this case, even after he was prompted to do so by a late-notice letter sent from the Clerk's Office. On July 25, 2019, we ordered the trial court to conduct a hearing to determine if Appellant wished to continue the appeal or if Appellant wished to waive his right to appeal. If Appellant wished to continue his appeal, the trial court was directed to determine whether Appellant had been deprived of the effective assistance of counsel.

Per our order, the trial court conducted a hearing on August 20, 2019. Present at the hearing were the juvenile's attorney, the juvenile's mother, and the juvenile's former probation officer. The juvenile was not present.

The Appellant's mother testified that at the time of the offense, her son was 11 years old and that she made the decisions regarding the criminal justice process. She further testified that she had originally wanted to appeal the decision because it would have affected their housing situation, but that during the duration of the appeal, her son had left El Paso. In response to a question from the trial court, she testified that it had not been her son's decision to appeal, but that she had made the decision to appeal on his behalf.

The juvenile's probation officer testified that she terminated his probation because CPS got involved in the case and the juvenile was placed outside of the mother's home in El Paso before he was moved to Juarez, Mexico, with his father. She confirmed an explanation made by the trial judge on the record that the arrangement the parties had reached had been to terminate probation because the juvenile was going to live in Juarez with his father and thus the probation department

2

would not be allowed to make contact with the child. However, the probation officer testified that she had that day learned that the juvenile was now apparently located in Phoenix, Arizona, for a period of at least a week prior to the hearing. She conceded that getting ahold of the child had been difficult.

At the end of the hearing, the trial court and counsel for the juvenile had the following colloquy:

> THE COURT: Okay. And just so that I understand what happened. So when you asked for the appeal it's because the mother had told you or had made some sort of comment that she thought they were going to lose their housing because of the fact that he got adjudicated.
>
> MR. SPENCER: That's correct, Judge.
>
> THE COURT: And that's when you decided that you wanted to go ahead and file the appeal.
>
> MR. SPENCER: That's correct, Judge.
>
> THE COURT: But we actually found out that in reality the reason she was going to be kicked out of the -- the complex was having to do with her boyfriend.
>
> MR. SPENCER: That's correct, Judge.
>
> THE COURT: And so she actually ended up losing housing in part because of the fact that the boyfriend went back into the home.
>
> MR. SPENCER: That's correct, Judge.
>
> THE COURT: So it had nothing to do in regards to the juvenile.
>
> MR. SPENCER: That's my understanding, Judge. And -- and I'd like to have that -- those comments clarified with the probation if she confirms that information.
>
> THE COURT: Okay.
>
> Q. (BY MR. SPENCER) Is that accurate what the Judge is -- I mean, the Judge's knowledge of the case, is that accurate with you?
>
> A. [BY PROBATION OFFICER] That's what I was informed by [Juvenile's Mother].

3

[ . . . ]

THE COURT: Okay. Mr. Spencer, anything that you want to put on the record?

MR. SPENCER: Judge, only that I ask that the Court -- because I don't have actual access to [Juvenile] . . . for him to sign the motion I ask the court to allow leave to make for -- to make a motion to dismiss without the juvenile's signature confirming that based on . . . the mother's testimony, that that would be sufficient for the Court of Appeals to accept the -- the acknowledgement of the dismiss of the appeal. . . .

Following the hearing, the trial court made the following findings:

1. The juvenile never indicated that he wished to file an appeal.

2. The Trial Court finds that the juvenile's mother [NAME REDACTED] after disposition wanted to appeal and requested the appeal. However, juvenile's mother no longer wishes to pursue the appeal.

3. Juvenile is no longer within the Court's Jurisdiction. CPS removed the juvenile from the mother and placed the juvenile with his father in Cd. Juarez, Chihuahua, Mexico. The juvenile was terminated from probation on June 14, 2019.

Therefore, the court finds that Appellant had no desire to appeal his case and that the Appellant's mother no longer wished to proceed with an appeal.

## DISCUSSION

### *Waiver of Right to Appeal in Juvenile Case Under* **In re E.J.E.**

"The requirements governing a [juvenile] appeal are as in civil cases generally." TEX.FAM.CODE ANN. § 56.01(b). However, although juvenile proceedings are technically civil in nature, "because proceedings in juvenile court bear many of the hallmarks and consequences of a criminal proceeding against an adult, the proceedings are quasi-criminal in nature and subject to numerous due process restrictions mirroring those at play in a full criminal trial." *In re A.J.S.*, 442 S.W.3d 562, 565 (Tex.App.—El Paso 2014, no pet.).

In *In re E.J.E.*, this Court dealt with the issue of whether a motion to dismiss a juvenile proceeding is subject to the rule for civil case dismissal standard set by Tex.R.App.P. 42.1 or the

4

criminal dismissal standard set by TEX.R.APP.P. 42.2. *See In re E.J.E.*, 557 S.W.3d at 616. In a published opinion on motion that was ruled on by the entire Eighth Court panel en banc, this Court determined that although juvenile cases were subject to the civil dismissal rule in TEX.R.APP.P. 42.1 generally, a statute in the Texas Family Code—TEX.FAM.CODE ANN. § 51.09—required evidence that the juvenile has affirmatively waived his right to appeal once the notice of appeal is filed. We held that, in accordance with Section 51.09, we cannot dismiss a juvenile appeal unless and until:

> (1) the waiver is made by the child and the attorney for the child;
>
> (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
>
> (3) the waiver is voluntary; and
>
> (4) the waiver is made in writing or in court proceedings that are recorded.
>
> *See In re E.J.E.*, 557 S.W.3d at 616 (citing TEX.FAM.CODE ANN. § 51.09).

Like this case, *In re E.J.E.* also involved a motion to dismiss signed by a juvenile's attorney and a juvenile's mother, but not by the juvenile themselves. The Court refused to dismiss, holding that some writing signed by the juvenile was required before the Court could dismiss the appeal. *Id.* at 617. Here, we find ourselves in a similar situation. The juvenile's attorney and the juvenile's mother are both in favor of dismissal, but there is no written instrument signed by the juvenile stating that he wished to abandon his appeal. Our sister court in Fort Worth has recognized that proof of waiver may also be accomplished by the juvenile stating on the record at a hearing in the trial court that he wished to waive and dismiss his appeal. *See In re C.A.*, No. 02-19-00060-CV, 2019 WL 1716337, at *1 n.1 (Tex.App.--Fort Worth Apr. 18, 2019, no pet.)(mem. op.). But in this case, we have no testimony from the juvenile at the hearing—the juvenile did not appear, and his

whereabouts are apparently unknown. While the trial court found that the juvenile had been placed with his father in Ciudad Juarez, Mexico, outside the jurisdiction of the United States, the juvenile's probation officer testified that she had learned that he had recently been located in Phoenix, Arizona.

While we understand the frustrations of counsel and the trial court in dealing with a client who is difficult to contact—particularly when that client is a juvenile in a border community like El Paso and a client may go back and forth between the United States and Mexico—the mandates of the Texas Family Cod are still clear. We are bound by our previous decision in *In re E.J.E.* The record must show that the *juvenile* has assented to dismissal of the appeal, either in writing or at a hearing on the record. The record here does not show an affirmative waiver, and as we said in *E.J.E.*, consent by the juvenile's attorney and the juvenile's mother is not enough. We stand by our previous determination that the juvenile has not waived appeal.

### *Failure to File Appellant's Brief*

Because we cannot dismiss based on the juvenile's affirmative waiver of his right to dismissal, we must next decide whether we may still dismiss this appeal for want of prosecution based on Appellant's failure to file a brief.

Rule 38.8 of the Texas Rules of Appellate Procedure sets out the procedure for this Court in the event an appellant fails to file a brief. The rule sets different standards for civil and criminal cases:

**38.8 Failure of Appellant to File Brief**

(a) *Civil Cases*. If an appellant fails to timely file a brief, the appellate court may:

(1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

6

(2) decline to dismiss the appeal and give further direction to the case as it considers proper; or

(3) if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

(b) *Criminal Cases*.

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

In this case, we have used the procedure employed in criminal cases when an appellant's brief is not filed as the procedure we will follow in this case, which we may do as an exercise of our authority under the civil rule giving us discretion as to how to move forward. *Cf. In re A.J.S.*, 442 S.W.3d at 565 (due process requires courts to treat otherwise civil juvenile delinquency cases as being subject to criminal procedural safeguards under certain circumstances); TEX.R.APP.P. 38.8(a)(2)(stating that even in civil cases we have the power to decline to dismiss a case for want

7

of prosecution when an appellant's brief is not file and allowing us to issue further instructions as we deem proper).

Because there is not sufficient evidence in the record showing that the juvenile affirmatively waived his appeal, because his mother's stated reason for wanting the appeal dismissed (i.e. her son's delinquency adjudication no longer forming a factor in her housing situation) is not an adequate reason for us to justify dismissing this appeal in light of the gravity of consequences that a quasi-criminal juvenile conviction carries for her son, because it is unclear whether Mother has the authority to make decisions for the juvenile given that the record establishes that CPS placed the juvenile with his father, because the record does not show if and how counsel tried to contact the juvenile, and because dismissal of this appeal in favor of the juvenile pursuing claims in habeas in the future is not an efficient or just way to handle any potential appellate claims the juvenile may have, we decline to dismiss this case for want of prosecution.

## CONCLUSION

We hereby order the appellate timetables to be reinstated. We will provide counsel for the juvenile one more opportunity to file a brief with this Court. The Appellant's Brief will be due 30 days from this order.

IT IS SO ORDERED this 27th day of September, 2019.

PER CURIAM